UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

CURTIS WINDSOR ADDERLEY,
    Plaintiff,

v.

CITY OF TAMPA,
OFFICER ROBERT LAMB, Individually,
OFFICER MARLENE NEIBERT, Individually, and
OFFICER KATHERINE PENDZICK, Individually
    Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, **CURITS ADDERLEY ("ADDERLEY")** sues DEFENDANTS, **CITY OF TAMPA**, in its official capacity; **ROBERT LAMB**, ("**LAMB**") Individually; **MARLENE NEIBERT ("NEIBERT")**, and **KATHERINE PENDZICK** ("**PENDZICK**"); and alleges the following in good support of this Complaint.

## NATURE OF THE ACTION

1. This is a 42 U.S.C. § 1983 federal civil rights case under the Fourth and Fourteenth Amendments of the United States Constitution as applied to the States under the United States Constitution's Fourteenth Amendment for the Defendants' malicious, and unlawful violations

under color of state law of Plaintiff's constitutional rights to be free in person, houses, papers and effects, from unreasonable searches and seizures, and Plaintiff's right to be free from excessive use of force, assault, battery, and intentional infliction of emotional distress.

2. Defendants committed these unlawful violations of Plaintiff's constitutional and state rights, under color of state law, in bad faith, and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human safety, and property rights.

## JURISDICTION AND VENUE

3. Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 against **CITY OF TAMPA**, **LAMB**, **NEIBERT**, and **PENDZICK**. Further actions against **CITY OF TAMPA**, **LAMB**, **NEIBERT**, and **PENDZICK** arise under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights); and 28 U.S.C. § 1367.

4. All incidents material to this action occurred in Hillsborough County, Florida. Defendants' primary employment is in this district and division, and all Defendants committed these violations, in Hillsborough County. Venue is proper in The Tampa Division of the Middle District of Florida, pursuant to 28 U.S.C. §1391(b) and. Loc. R. 1.02 (c).

## PARTIES

5. Plaintiff, **CURTIS ADDERLEY**, is an elderly, disabled handyman, residing in Tampa, Florida, residing within this Court's jurisdiction and otherwise sui juris.

6. Defendant, **CITY OF TAMPA**, is now and has been at all material times the governing body of the **Tampa Police Department**.

7. Defendant, **LAMB**, at all material times was a **CITY OF TAMPA** employee, with the Tampa Police Department.

## FACTUAL ALLEGATIONS

8. The Tampa Police Department is a **CITY OF TAMPA** law enforcement agency located solely within the Middle District of Florida.

9. The **CITY OF TAMPA** has its own rules of governance, policies, and procedures.

10. Plaintiff, **ADDERLEY**, sues the **CITY OF TAMPA** in its official capacity for the actions of Defendant **LAMB**, Defendant **NEIBERT**, and Defendant **PENDZICK**, who at all times material, were **CITY OF TAMPA** employees under **CITY OF TAMPA'S** supervision.

11. **LAMB**, **NEIBERT**, and **PENDZICK** at all times material, were government actors, and as such the United States Constitution governs their individual and collective actions when acting on the behalf the **CITY OF TAMPA**.

12. The **CITY OF TAMPA**'s formal and informal policies, written or unwritten, allowed, encouraged or enabled **LAMB**, **NEIBERT**, and **PENDZICK** to violate **ADDERLEY'S** individual state rights and commit these tortious violations.

13. On the afternoon of December 25, 2017, **LAMB** came into contact with **ADDERLEY**, at Silver Oaks Apartments ("Silver Oaks"), a low-income housing development, located at 4200 Kenneth Court, Tampa, Florida, 33610, based on a call for service.

14. **LAMB** arrived, as **ADDERLEY** departed Silver Oaks, and ordered **ADDERLEY** to return to Silver Oaks. Moments later, **LAMB** issued **ADDERLEY** a trespass warning and ordered **ADDERLEY** to "get the fuck off the property".

15. **ADDERLEY** followed **LAMB's** order and left Silver Oaks.

16. **LAMB**, while in his police vehicle, followed **ADDERLEY'S** jeep and activated his emergency lights, allegedly in attempt to return **ADDERLEY'S** driver's license to Plaintiff.

17. **ADDERLEY** stopped his jeep, in compliance with **LAMB's** emergency lights.

18. As **ADDERLEY** opened the driver's door and put his left leg out of the jeep, in an attempt to exit, he asked **LAMB** about the reason for the stop.

19. **LAMB** ordered **ADDERLEY** to stay in the jeep, and **ADDERLEY** complied.

20. **LAMB** then stormed over to **ADDERLEY'S** jeep, with **ADDERLEY'S** driver's license in hand, showed **ADDERLEY** the driver's license and barked, "This is why I stopped you, your fuckin' ID," and ordered **ADDERLEY** out of the jeep.

21. When **ADDERLEY** exited the jeep, **LAMB** handcuffed **ADDERLEY** and searched **ADDERLEY**. No other police were present.

22. After handcuffing and searching **ADDERLEY**, **LAMB** kicked **ADDERLEY** in the left leg, knocking him to the ground.

23. While **ADDERLEY** was on the ground, prone, handcuffed and helpless, **LAMB** punched **ADDERLEY** in the eyes multiple times, grabbed **ADDERLEY'S** hair locks, and slammed **ADDERLEY'S** face, on the pavement multiple times, further injuring **MR. ADDLERLEY'S** eyes and smashing **ADDERLEY'S** glasses. **LAMB** also kicked **ADDERLEY** in his back and stomped on **ADDERLEY'S** neck.

24. No other police were present at the scene, at the time, but **PENDZICK** and **NEIBERT** arrived on the scene, shortly after.

25. Upon arrival, **NEIBERT**, a large woman, dropped her entire body weight onto **ADDERLEY'S** back, using her knee, and punched **ADDERLEY**,

in his right side, while **ADDERLEY** laid on the ground prone, handcuffed, and helpless.

26. **PENDZICK** kneeled on **ADDERLEY'S** left arm and punched **ADDERLEY** in his left side, while **ADDERLEY** laid on the ground prone, handcuffed, and helpless.

27. **ADDERLEY** had to play dead to get **LAMB**, **NEIBERT**, and **PENDZICK** to stop beating him.

28. Once **LAMB**, **NEIBERT**, and **PENDZICK** determined **ADDERLEY** still had a pulse, **LAMB**, **NEIBERT**, and **PENDZICK**, along with other Tampa police, hogtied **ADDERLEY** and stuffed him into a police car.

### COUNT I
(42 U.S.C. § 1983 Fourth Amendment Violation against **LAMB**, Individually, for Excessive Force)

29. **ADDERLEY** re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

30. **ADDERLEY** has the right, under the Fourth Amendment of the United States Constitution, to be free from the use of excessive force, by law enforcement officers.

31. On December 25, 2017, **LAMB**, under color of law, and while employed by Defendant, **CITY OF TAMPA**, as a law enforcement officer, showed deliberate indifference to that right and violated **ADDERLEY'S** clearly

established, Constitutional right to be free from the use of excessive force, by law enforcement officers, as described above.

32. **ADDERLEY** did not pose a threat to anyone at the time **LAMB** intentionally punched and kicked **ADDERLEY**, grabbed **ADDERLEY'S** hair, used **ADDERLEY'S** hair to slam **ADDERLEY'S** face on the street pavement, and then hogtied **ADDERLEY** did not pose a threat to anyone; **ADDERLEY** did not resist **LAMB**; **ADDERLEY** did not attempt to evade **LAMB**; and **ADDERLEY** was not suspected of committing a severe crime. In fact, **ADDERLEY** was not suspected of committing any crime, at all.

33. As a direct result of **LAMB'S** use of excessive force against **ADDERLEY**, **LAMB** caused **ADDERLEY** to suffer damages including but not limited to: physical suffering, physical discomfort, loss of time, mental suffering, embarrassment and humiliation, disgrace, and injury to his feelings and reputation; the emotional and reputational damage continue to this day, and are likely to continue into the future.

**WHEREFORE**, Plaintiff **CURTIS WINDSOR ADDERLEY**, demands judgment for damages against Defendant, **ROBERT NICHOLAS LAMB**, Individually, including compensatory and punitive damages, costs of this

action, attorney's fees and such further and other relief as the Court may deem just and appropriate.

## COUNT II
(42 U.S.C. § 1983 Fourth Amendment Violation against **NEIBERT**, Individually, for Excessive Force)

34. **ADDERLEY** re-alleges and incorporates by reference all the preceding paragraphs in this complaint.

35. **ADDERLEY** has the right, under the Fourth Amendment of the United States Constitution, to be free from the use of excessive force, by law enforcement officers.

36. On December 25, 2017, **NEIBERT**, under color of law, and while employed by Defendant, **CITY OF TAMPA**, as a law enforcement officer, showed deliberate indifference to that right and violated **ADDERLEY'S** clearly established, Constitutional right to be free from the use of excessive force, by law enforcement officers, as described above.

37. At the time **NEIBERT** intentionally dropped her entire body weight onto **ADDERLEY'S** back, punched and hogtied **ADDERLEY**, **ADDERLEY** did not pose a threat to anyone **ADDERLEY** did not resist **NEIBERT**; **ADDERLEY** did not attempt to evade **NEIBERT**; and

**ADDERLEY** was not suspected of committing a severe crime. In fact, **ADDERLEY** was not suspected of committing any crime, at all.

38. As a direct result of **NEIBERT'S** use of excessive force against **ADDERLEY**, **NEIBERT** caused **ADDERLEY** to suffer damages including but not limited to: physical suffering, physical discomfort, loss of time, mental suffering, embarrassment and humiliation, disgrace, and injury to his feelings and reputation; the emotional and reputational damage continue to this day, and are likely to continue into the future.

**WHEREFORE**, Plaintiff **CURTIS WINDSOR ADDERLEY**, demands judgment for damages against Defendant, **NEIBERT**, Individually, including compensatory and punitive damages, costs of this action, attorney's fees and such further and other relief as the Court may deem just and appropriate.

### COUNT III
(42 U.S.C. § 1983 Fourth Amendment Violation against **PENDZICK**, Individually, for Excessive Force)

39. **ADDERLEY** re-alleges and incorporates by reference all the preceding paragraphs in this complaint.

40. **ADDERLEY** has the right, under the Fourth Amendment of the United States Constitution, to be free from the use of excessive force, by law enforcement officers.

41. On December 25, 2017, **PENDZICK**, under color of law, and while employed by Defendant, **CITY OF TAMPA**, as a law enforcement officer, showed deliberate indifference to that right and violated **ADDERLEY'S** clearly established, Constitutional right to be free from the use of excessive force, by law enforcement officers, as described above.

42. At the time **PENDZICK** intentionally kneeled on **ADDERLEY'S** left arm, punched and hogtied **ADDERLEY**, **ADDERLEY** did not pose a threat to anyone, **ADDERLEY** did not resist **PENDZICK**, **ADDERLEY** did not attempt to evade **PENDZICK**; and **ADDERLEY** was not suspected of committing a severe crime. In fact, **ADDERLEY** was not suspected of committing any crime, at all.

43. As a direct result of **PENDZICK'S** use of excessive force against **ADDERLEY**, **PENDZICK** caused **ADDERLEY** to suffer damages including but not limited to: physical suffering, physical discomfort, loss of time, mental suffering, embarrassment and humiliation, disgrace, and injury to his feelings and reputation; the emotional and reputational damage continue to this day, and are likely to continue into the future.

**WHEREFORE**, Plaintiff **CURTIS WINDSOR ADDERLEY**, demands judgment for damages against Defendant, **PENDZICK**, Individually, including

compensatory and punitive damages, costs of this action, attorney's fees and such further and other relief as the Court may deem just and appropriate.

## COUNT IV
(State Tort of Battery against **LAMB**, Individually)

44. **ADDERLEY** re-alleges and incorporates by reference all the preceding paragraphs in this complaint.

45. On December 25, 2017, **LAMB** intentionally struck **ADDERLEY**, and slammed **ADDERLEY'S** face into the street pavement while **ADDERLEY** was handcuffed and not resisting.

46. **LAMB'S** unreasonable conduct was the actual and proximate cause of the harm **ADDERLEY** suffered, on December 25, 2017, because the pain, suffering, bodily injury, loss of enjoyment of life, embarrassment, inconvenience, and mental anguish, that **ADDERLEY** endured were reasonably foreseeable consequences of **LAMB'S** unreasonable conduct on December 25, 2017.

47. Pursuant to 768.28, Florida Statutes, **ADDERLEY**, notified Defendant, **CITY OF TAMPA**, of this claim prior to filing this action and said claim was not resolved.

Wherefore, for the foregoing reasons, **CURTIS WINDSOR ADDERLEY** demands this Court enter an award of damages against Defendant, **ROBERT NICHOLAS LAMB**, Individually, for all damages

allowed, by law, to include damages for **ADDERLEY'S** pain, suffering, bodily injury, loss of enjoyment of life, embarrassment, inconvenience, mental anguish, and such other and further relief as the Court deems just and appropriate.

## COUNT V
(State Tort of Battery against **NEIBERT**, Individually)

48. **ADDERLEY** re-alleges and incorporates by reference all the preceding paragraphs in this complaint.

49. On December 25, 2017, **NEIBERT** intentionally dropped her entire weight on **ADDERLEY'S** back, and punched **ADDERLEY** while **ADDERLEY** laid prone, handcuffed, and helpless, on the street pavement.

50. **NEIBERT'S** unreasonable conduct was the actual and proximate cause of the harm **ADDERLEY** suffered, on December 25, 2017, because the pain, suffering, bodily injury, loss of enjoyment of life, embarrassment, inconvenience, and mental anguish, that **ADDERLEY** endured were reasonably foreseeable consequences of **NEIBERT'S** unreasonable conduct on December 25, 2017.

51. Pursuant to 768.28, Florida Statutes, **ADDERLEY**, notified Defendant, **CITY OF TAMPA**, of this claim prior to filing this action and said claim was not resolved.

Wherefore, for the foregoing reasons, **CURTIS WINDSOR ADDERLEY** demands this Court enter an award of damages against Defendant, **MARLENE NEIBERT**, Individually, for all damages allowed, by law, to include damages for **ADDERLEY'S** pain, suffering, bodily injury, loss of enjoyment of life, embarrassment, inconvenience, mental anguish, and such other and further relief as the Court deems just and appropriate.

## COUNT VI
(State Tort of Battery against **PENDZICK**, individually)

52. **ADDERLEY** re-alleges and incorporates by reference all the preceding paragraphs in this complaint.

53. On December 25, 2017, **PENDZICK** intentionally kneeled on **ADDERLEY'S** back and punched **ADDERLEY** while **ADDERLEY** laid prone, handcuffed, and helpless, on the street pavement.

54. **PENDZICK'S** unreasonable conduct was the actual and proximate cause of the harm **ADDERLEY** suffered, on December 25, 2017, because the pain, suffering, bodily injury, loss of enjoyment of life, embarrassment, inconvenience, and mental anguish, that **ADDERLEY** endured were reasonably foreseeable consequences of **PENDZICK'S** unreasonable conduct on December 25, 2017.

55. Pursuant to 768.28, Florida Statutes, **ADDERLEY**, notified Defendant, **CITY OF TAMPA**, of this claim prior to filing this action and said claim was not resolved.

Wherefore, for the foregoing reasons, **CURTIS WINDSOR ADDERLEY** demands this Court enter an award of damages against Defendant, **KATHERINE PENDZICK**, Individually, for all damages allowed, by law, to include damages for **ADDERLEY'S** pain, suffering, bodily injury, loss of enjoyment of life, embarrassment, inconvenience, mental anguish, and such other and further relief as the Court deems just and appropriate.

### COUNT VII
(State Tort of Respondeat Superior/Vicarious Liability against Defendant, **CITY OF TAMPA**)

56. **ADDERLEY** re-alleges and incorporates by reference all the preceding paragraphs in this complaint.

57. This is a cause of action for respondeat superior/vicarious liability, against Defendant, **CITY OF TAMPA**, for damages, in excess of seventy-five thousand dollars, exclusive of costs and attorney's fees.

58. On December 25, 2017, **LAMB, NEIBERT**, and **PENDZICK** were employees of Defendant, **CITY OF TAMPA**, and at all times acted under the color of State law.

59. On December 25, 2017, **LAMB'S** stopping, searching, arresting, punching, kicking, grabbing **ADDERLEY'S** hair, and using **ADDERLEY'S** hair to slam **ADDERLEY'S** face on the street pavement, while **ADDERLEY** laid prone, handcuffed, and helpless, on the street top, all occurred substantially within time and space limits authorized by Defendant, **CITY OF TAMPA**.

60. Further, on December 25, 2017, **LAMB'S** stopping, searching, arresting, punching, kicking, grabbing **ADDERLEY'S** hair, and using **ADDERLEY'S** hair to slam **ADDERLEY'S** face, on the street pavement, while **ADDERLEY** lay prone, handcuffed, and helpless, were activated, at least in part, by a purpose to serve Defendant, **CITY OF TAMPA**.

61. Furthermore, on December 25, 2017, **LAMB** did not step aside from his employment, as a law enforcement officer, for Defendant, **CITY OF TAMPA**, to stop, search, arrest, punch, kick, grab **ADDERLEY'S** hair, use **ADDERLEY'S** hair to slam **ADDERLEY'S** face on the street pavement, and hogtie **ADDERLEY**.

62. Likewise, on December 25, 2017, **NEIBERT**, dropping her entire body weight on **ADDERLEY'S** back, using her knee, punching **ADDERLEY**, while he laid prone, handcuffed, and helpless, on the

street pavement, and hogtieing **ADDERLEY**, all occurred substantially within time and space limits authorized by Defendant, **CITY OF TAMPA**.

63. Further, on December 25, 2017, **NEIBERT'S** dropping her entire body weight on **ADDERLEY'S** back, using her knee; punching **ADDERLEY**, while he laid prone, handcuffed, and helpless, on the street pavement; and hogtieing **ADDERLEY**, were activated, at least in part, by a purpose to serve Defendant, **CITY OF TAMPA**.

64. Furthermore, on December 25, 2017, **NEIBERT** did not step aside from her employment, as a law enforcement officer, for Defendant, **CITY OF TAMPA**, to drag **ADDERLEY** to the ground; drop her entire body weight on **ADDERLEY'S** back, using her knee; punch **ADDERLEY**, while he laid prone, handcuffed, and helpless, on the street top; and hogtie **ADDERLEY**.

65. Similarly, on December 25, 2017, **PENDZICK'S** kneeling on **ADDERLEY'S** left arm, and punching **ADDERLEY** in his left side, while **ADDERLEY** laid prone, handcuffed, and helpless, on the street pavement, all occurred substantially within time and space limits authorized by Defendant, **CITY OF TAMPA**.

66. Further, on December 25, 2017, **PENDZICK'S** kneeling on **ADDERLEY'S** left arm, and punching **ADDERLEY** in his left side, while **ADDERLEY** lay prone, handcuffed, and helpless, were activated, at least in part, by a purpose to serve Defendant, **CITY OF TAMPA**.

67. Furthermore, on December 25, 2017, **PENDZICK** did not step aside from her employment, as a law enforcement officer, for Defendant, **CITY OF TAMPA**, to kneel on **ADDERLEY'S** left arm, and punch **ADDERLEY**, in his left side, while **ADDERLEY** laid prone, handcuffed, and helpless, on the street top; and hogtie **ADDERLEY**.

68. Based on the foregoing facts, on December 25, 2017, **LAMB**, **NEIBERT**, and **PENDZICK** all acted within in the course and scope of their employment, as law enforcement officers, for Defendant, **CITY OF TAMPA**, thus making Defendant, **CITY OF TAMPA**, vicariously liable for any and all of **LAMB'S**, **NEIBERT'S**, and **PENDZICK'S** intentional torts and any and all of **LAMB'S**, **NEIBERT'S**, and **PENDZICK'S** negligent acts or omissions, in: 1) failing to prevent **ADDERLEY'S** abuse and unlawful treatment, at the hands of **LAMB**, **NEIBERT**, and **PENDZICK**, and 2) failing to enforce Defendant, **CITY OF TAMPA'S** own policies and procedures.

69. Defendant, **CITY OF TAMPA'S** severely deficient supervisory protocols and practices led to the acts that **LAMB**, **NEIBERT**, and **PENDZICK** perpetrated against **ADDERLEY**.

70. The severely deficient supervisory protocols and practices that led to the acts that **LAMB**, **NEIBERT**, and **PENDZICK** perpetrated against **ADDERLEY** are the result of a widespread policy or custom, of Defendant, **CITY OF TAMPA**, of failing to properly investigate and supervise employees like **LAMB**, **NEIBERT**, and **PENDZICK**, and overlooking information in the possession of, or easily obtainable by Defendant, **CITY OF TAMPA**.

71. As a direct result of Defendant, **CITY OF TAMPA'S** deficient supervisory protocols and practices, and widespread policy or custom failing to properly investigate and supervise employees, like **LAMB**, **NEIBERT**, and **PENDZICK**, **ADDERLEY** suffered damages which include bodily injury, physical suffering, or both; inconvenience; physical discomfort; loss of time; mental suffering; embarrassment; humiliation, disgrace and injury to his feelings and reputation; the emotional damage and reputational damage are continuing to this day and are likely to continue in the future.

72. Pursuant to 768.28, Florida Statutes, **ADDERLEY**, notified Defendant, **CITY OF TAMPA** of this claim prior to filing this action and said claim was not resolved.

**WHEREFORE**, for the foregoing reasons, **CURTIS WINDSOR ADDERLEY** demands this Court enter an award of damages against Defendant, **CITY OF TAMPA**, for all damages allowed, by law, to include damages for **ADDERLEY'S** pain, suffering, bodily injury, loss of enjoyment of life, embarrassment, inconvenience, mental anguish, and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

**ADDERLEY** demands trial by jury, on all issues so triable.

**Respectfully submitted,**
AsiliA Law Firm, P.A.
1000 W. Cass Street
Tampa, FL 33606
Tel. (813) 549.2813
eService email: pleadings@asilialaw.com

By /s/LIFE Malcolm, Attorney at Law
Associate Attorney
Florida Bar No.:1030746
Attorney for Defendant

/s/Jeremy McLymont, Esq.
Managing Attorney
Florida Bar No.:1010776
Attorney for Defendant