UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CURTIS WINDSOR ADDERLY,

     Plaintiff,

v.                                         Case No. 8:21-cv-2976-TPB-CPT

CITY OF TAMPA, ROBERT LAMB,
MARLENE NEIBERT, and
KATHERINE PENDZICK,

     Defendants.
_____/


## <u>REPORT AND RECOMMENDATION</u>

Before me on referral is Plaintiff Curtis Adderly's *Application to Proceed in District Court Without Prepaying Fees or Costs*, which I construe as a motion to proceed *in forma pauperis* (IFP Motion). (Doc. 2). Also before me is Adderly's counseled complaint against Defendants City of Tampa, Robert Lamb, Marlene Neibert, and Katherine Pendzick, the latter three of whom are apparently officers with the Tampa Police Department. (Doc. 1). For the reasons discussed below, I respectfully recommend that Adderly's IFP Motion be denied without prejudice, and that his complaint be dismissed with leave to amend.

I.

This action stems from a series of events in Tampa, Florida on December 25, 2017, which involved Adderly and officers Lamb, Neibert, and Pendzick. (Doc. 1). According to Adderly, he was departing a low-income housing development in the afternoon on December 25 when he first encountered Lamb. *Id.* Adderly avers that Lamb gave him a trespass warning at the time and told him in no uncertain terms to leave the property. *Id.* Adderly further avers that when he left the area in his vehicle, a jeep, Lamb followed him in his patrol car and then stopped him, purportedly to return Adderly's driver's license. *Id.* Adderly asserts that Lamb ultimately ordered him out of the jeep and then, along with Neibert and Pendzick, physically assaulted him before "hogtying" him and "stuffing" him into a police car. *Id.*

Based on these averments and others, Adderly asserts claims against Lamb, Neibert, and Pendzick for excessive force pursuant to 42 U.S.C. § 1983 and for battery under state law, as well as a state law cause of action against the City of Tampa under a theory of respondeat superior or vicarious liability. *Id.* For relief, Adderly seeks "all damages allowed by law," including compensation for both the bodily injuries and the pain and suffering he allegedly experienced. *Id.*

In support of his claim of indigency, Adderly represents that he receives $550 per month in disability payments, as well as an unspecified amount of income from his work as a handyman doing "odd jobs." (Doc. 2). Adderly also states that he owns a 2014 vehicle (the aforementioned jeep) and has $500 in a checking or savings account. *Id.* As for expenses and liabilities, it appears that Adderly pays

approximately $1,000 per month for housing, utilities, and his car, and that he owes $30,000 on his home, $4,000 on his vehicle, and roughly $370 in credit card debt.[1]  *Id.* Adderly does not purport to have any dependents.  *Id.*

## II.

Under 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit.  28 U.S.C. § 1915(a)(1).  The court has "wide discretion" to grant or deny an application to proceed *in forma pauperis*, and, in civil cases for damages, the privilege should be granted "sparingly."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted).  While such an application "need not show that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Id.* at 1307 (quoting *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)) (internal quotation marks omitted).

When an application to proceed *in forma pauperis* is filed, the district court must also review the case and dismiss the complaint *sua sponte* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or

---

[1] It is unclear whether the $4,000 Adderly owes for his vehicle relates to the jeep or another car.  (Doc. 2).  It is also difficult to decipher from Adderly's handwriting the amounts he pays for his "light bil[l]" and for his telephone.  *Id.*

seeks monetary damages against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).[2]  As such, to avoid dismissal, the complaint must contain adequate averments "to state a claim to relief that is plausible on its face.'"  *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In evaluating a complaint under this standard, a court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.  *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted).  A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action."  *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citing *Iqbal*, 556 U.S. at 678).

### III.

### A.

I begin with Adderly's claim of indigency, which I find to be inadequately supported.  While Adderly's claimed income, expenses, and liabilities suggest he may

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

be entitled to proceed *in forma pauperis*, I am unable to arrive at an informed decision on the matter because I cannot ascertain from his IFP Motion the amount of income he earns as a handyman, whether he owns two cars, and the monthly payments he makes for some of his utilities.  In light of these deficiencies, I respectfully recommend that Adderly's IFP motion be denied without prejudice.

B.

Irrespective of whether Adderly qualifies as indigent, his complaint is subject to dismissal because, at a minimum, it does not comply with the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10.  Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in his complaint."  *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016).  It directs, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count."  Fed. R. Civ. P. 10(b).  Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted."  *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

5

Complaints that run afoul of these requirements are sometimes referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The "unifying characteristic" of such pleadings "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Adderly's complaint constitutes an impermissible shotgun pleading because all of its counts (other than the first one) incorporate the allegations from the preceding counts. *See* (Doc. 1 at ¶¶ 29, 34, 39, 44, 48, 52, 56); *Weiland*, 792 F.3d at 1321 (observing that "[t]he most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"). This deficiency alone warrants dismissal of Adderly's complaint.

## IV.

Notwithstanding the above pleading defect, I respectfully recommend that the Court dismiss Adderly's complaint with leave to amend. I am mindful in this regard that a litigant ordinarily must be given at least one chance to revise his complaint before the Court dismisses the action, unless such an amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Freeze v. Sawyer*, 2018 WL 2849895, at *1 (M.D. Fla. June 11, 2018).

6

Accordingly, I respectfully submit that the Court:

1.      Deny Adderly's IFP Motion (Doc. 2) without prejudice; [3]

2.      Dismiss Adderly's complaint (Doc. 1) with leave to amend;

3.      Grant Adderly permission to file, within twenty (20) days of the Court's Order, an amended complaint that adheres to the pleading requirements set forth in the Federal Rules of Civil Procedure; and

4.      Caution Adderly that the failure to comply with these directives may result in the dismissal of his action without further notice.

Respectfully submitted this 26th day of January 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal

---

[3] If Adderly elects to file a new *in forma pauperis* motion, he should utilize the "Long Form" application available on the Court's website at https://www.uscourts.gov/sites/default/files/ao239_1.pdf, as opposed to the "Short Form."

conclusion(s) the District Judge adopts from the Report and Recommendation. *See*

11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record